UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DARLING CAPITAL LLC,

                              Plaintiff,                           16-cv-8943 (PKC)

      -against-

                                                          OPINION AND ORDER
                                                          ON ATTORNEYS' FEES

NEWGIOCO GROUP, INC., formerly known as
EMPIRE GLOBAL CORP., and MICHELE
CIAVARELLA,

                              Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        This is a motion for attorneys' fees under a settlement agreement between the parties that resolved the claims asserted in this action (the "Settlement Agreement"). For the reasons that will be explained, the motion is granted as to $1,612.50 in reasonable attorneys' fees and is otherwise denied.

BACKGROUND.

        The Settlement Agreement, executed on May 15, 2017, provided a schedule of payments to be made by defendants. (Docket # 115-1.) When the first two scheduled payments were missed, plaintiff Darling Capital LLC ("Darling") filed a fully executed stipulated judgment, which was an exhibit to the Settlement Agreement, and the contemplated remedy in the event of a breach. The Court entered the stipulated judgment (the "Judgment") on June 30, 2017. (Docket # 46.) The Judgment required defendants Newgioco Group, Inc. and Michele Ciavarella to jointly and severally pay Darling $1 million, plus interest at the rate of 22%, until the amount was paid in full.

Paragraph 6(G) of the Settlement Agreement provides for an award of reasonable attorneys' fees to any prevailing party who brings an action or other proceeding for the enforcement of the Settlement Agreement:

> <u>Attorney's Fees for Future Action</u>: In the event that any party should bring an action or other proceeding against any other party for the enforcement of, or seek a declaration as to, or assert by way of defense, any terms or provision of this Agreement, there shall be an award of reasonable attorney's fees and costs to the prevailing party or parties as the case may be.

(Settlement Agrm't § 6(G).) The Judgment also provides: "This Court reserves jurisdiction to enforce the terms of the Settlement Agreement and to adjudicate any and all claims and disputes thereunder, including to enforce the attorneys' fee provision in favor of the prevailing party." (Docket # 46.)

After the Judgment was filed, Darling brought various applications related to its enforcement. On August 2, 2017, it filed a letter-motion seeking an Order to compel defendants to supplement their written responses to a post-judgment information subpoena, and the Court granted the motion. (Docket # 49, 50.) Darling then filed a motion for the appointment of a receiver pursuant to Rule 69, Fed. R. Civ. P., and CPLR 5228(a). (Docket # 60.) When defendants failed to respond by the deadline set by the Court, Darling asserted in a letter that defendants had defaulted on the motion, and submitted a proposed Order for appointment of the receiver. (Docket # 71.) Defendants filed response papers the following day, and Darling's proposed Order was not entered. (Docket # 73.)

A hearing on Darling's motion for the appointment of a receiver commenced on January 3, 2018. (<u>See</u> Transcript, Docket # 83.) Defendant Ciavarella was the only witness. He testified that Newgioco is a publicly-traded company whose shares traded on an over-the-counter market. (Tr. 17.)

Ciavarella testified that in June 2017, Newgioco filed an application to list its shares on a public exchange, had retained two brokerage firms to raise money for an initial public offering, and that it intended to file a prospectus with the Ontario Securities Commission later that week. (Tr. 48-49.) He testified that "at least two million Canadian dollars" were committed in writing to Newgioco. (Tr. 49.) He testified that he had drafted a registration statement with two colleagues and that Newgioco's counsel had reviewed the draft and provided comments. (Tr. 51-52.) The Court admitted as Court Exhibit G a draft prospectus for Newgioco that was to be filed with the Ontario Securities Commission on the following Friday. (Tr. 59-61.) Page 14 of the prospectus listed "Repayment of high interest note due to Darling Capital LLC," page 35 listed Darling as a material creditor, and page 81 described the procedural history of the dispute. (Tr. 61-64.) Page 113 stated that Newgioco owed $1 million to Darling, subject to an annual interest rate of 22 percent. (Tr. 64-65.) Ciavarella testified that if a receiver were appointed to oversee enforcement of the Judgment and Settlement Agreement, the consequences would include disqualification for listing by the Ontario Securities Commission. (Tr. 67.) The Court reserved decision on Darling's motion. (Tr. 76-77.)

The hearing continued on January 30, 2018. (Transcript, Docket # 98.) Defendants' counsel represented that defendants had paid $300,000 against the judgment since the proceeding of January 3. (1/30 Tr. 23.) Defendants' counsel also represented that Newgioco filed its preliminary prospectus to the Ontario Securities Commission on January 5, 2018. (1/30 Tr. 2-3.) Ciavarella testified that a public offering would take place on March 31, 2018, and that he expected Darling to receive the balance owed on the judgment on or about that date. (1/30 Tr. 20-21.)

Darling urged that defendants' actions were insufficient and that a receiver remained necessary. (1/30 Tr. 4.) It suggested that, alternatively, the Court could issue an Order requiring defendants to turn over cash, cash equivalents and non-tangible assets to satisfy judgment, and also urged that defendants had made a fraudulent conveyance of assets. (1/30 Tr. 11-15.) But Darling also acknowledged that such relief would be beyond the scope of its motion:

> THE COURT: Look, you didn't buy a ticket to have the judge preside over how your judgment is going to be paid. You made an application for the appointment of a receiver. Right?
>
> MR. FLEISCHMANN: Correct, your Honor. I'm not arguing the fraudulent conveyance merits by itself. I'm saying it is a factor to consider. That's what I'm trying to say.

(1/30 Tr. 15.)

At the conclusion of the January 30 proceeding, the Court denied without prejudice Darling's motion for the appointment of a receiver. It observed that in "in the course of responding to discovery, Newgioco was not forthright, was evasive, did not act in good faith, and made no serious effort to pay the judgment until after the Court's hearing on January 3, 2018, after which it has paid $300,000." (1/30 Tr. 35.) The Court explained, however, that New York law weighs the extent to which a receivership will increase the likelihood of satisfaction of judgment, and concluded:

> I am convinced that the appointment of a receiver will not accomplish that in a timely fashion. The fact that a representation was made that the offering documents would be filed by January 25, the testimony today is that they were so filed, that there is a commitment letter which is Exhibit J to the most recent submission by the defendants. And this is the supplemental declaration of Ciavarella. And that commitment dated January 15 by Echelon Wealth Partners will result in financing which would enable Newgioco to pay the judgment. And as Newgioco and its CEO have represented, it intends to pay the judgment with the proceeds of the

- 4 -

> offering. It is the Court's view that this is the best avenue to have
> the judgment paid.

(1/30 Tr. 35-36.) The Court set a conference date for April 20, 2018, and stated that the denial of the motion to appoint a receiver was made without prejudice to renewal. (1/30 Tr. 36.)

On April 20, 2018, Darling informed the Court in a letter that defendants had satisfied the judgment in full. (Docket # 111.) At that day's proceeding, both parties confirmed on the record "that the money judgment has been paid . . . ." (4/20 Transcript, Docket # 112, at 2-3.) The remainder of the conference involved a briefing schedule for the present motion. (4/20 Tr. at 3-4.)

DISCUSSION.

> A. Construction of the Attorneys' Fees Provision.

"Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear." NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 175 (2d Cir. 2008); see also Town House Stock LLC v. Coby Hous. Corp., 49 A.D.3d 456, 457 (1st Dep't 2008) (affirming attorneys' fees award under premised on breach of the underlying settlement agreement). "[A]greements providing for payment of attorneys' fees should be construed strictly" and consistent with the parties' reasonable expectations. Andrews 44 Coffee Shops Inc. v. TST/TMW 405 Lexington, L.P., 40 A.D.3d 544, 545 (1st Dep't 2007).

No party has urged that the attorneys' fees provision is ambiguous. It awards reasonable attorneys' fees to the "prevailing party" in any action or proceeding "for the enforcement of . . . any terms or provision of this Agreement . . . ." (Settlement Agrm't § 6(G).) This provision does not award attorneys' fees for all legal work incurred in connection with enforcement of the Judgment. An award is available only to the prevailing party in an action or

- 5 -

proceeding to enforce the Settlement Agreement. The parties had the sophistication and resources to bargain for a broader fees provision, and the Settlement Agreement contains a merger clause that included language representing and warranting that the parties had the opportunity to consult with the legal counsel of their choosing.[1] (Settlement Agrm't ¶ 6(E).)

New York courts have described what it means to be a "prevailing party" under a contractual attorneys' fees provision. "To determine whether a party has 'prevailed' for the purpose of awarding attorneys' fees, the court must consider the 'true scope' of the dispute litigated and what was achieved within that scope." Sykes v. RFD Third Ave. I Assocs., LLC, 39 A.D.3d 279, 279 (1st Dep't 2007). "To be considered a 'prevailing party,' one must simply prevail on the central claims advanced, and receive substantial relief in consequence thereof." Id. In contrast to certain federal statutes that provide for attorneys' fees only if the prevailing party's success is a product of "judicial imprimatur," Roberson v. Giuliani, 346 F.3d 75, 81 (2d Cir. 2003), New York has no such requirement for an attorneys' fees award provided by contract. See, e.g., Sykes, 39 A.D.3d at 280 ("Although [plaintiffs] received the funds they sought through stipulation rather than through a judicial determination, they sufficiently prevailed on their claim.").

Thus, the Settlement Agreement provides for an attorneys' fees award only to the prevailing party in a proceeding or an action to enforce a term or provision of the Settlement Agreement. A party prevails only if it receives substantial relief as a consequence of its claim.

---

[1] The merger clause states in full: "The parties to this Agreement and each of them, acknowledge that (1) this Agreement and its reduction to final form is a result of extensive good faith negotiations between the parties; (2) said parties have carefully reviewed and examined this Agreement for execution by said parties, or any of them; and (3) any statute or rule of construction that ambiguities are to be resolved against the drafting parties shall not be employed in the interpretation of this Agreement. Each party has had the opportunity to consult with independent legal counsel of their own choosing, and has done so, or by executing this Agreement, knowingly waives the opportunity of advice and representation by such counsel." (Settlement Agrm't ¶ 6(E).)

B. Darling's Motions Qualify as Proceedings.

Defendants urge that paragraph 6(G) of the Settlement Agreement does not allow for an award of attorneys' fees because Darling's efforts to collect on the judgment were not brought as "an action or other proceeding against any other party for the enforcement of . . . this Agreement . . . ." Defendants emphasize that at a conference of January 30, 2018, the undersigned referred to the parties' post-judgment disputes as "proceedings ancillary to the enforcement of the federal judgment[.]" (1/30 Tr. at 24.) It appears to be defendants' position that because the Court used the word "ancillary" in connection with describing its jurisdiction over the dispute, the dispute cannot constitute a "proceeding." In defendants' own words:

> Merriam Webster's dictionary defines "ancillary" as "subordinate, subsidiary" and "auxiliary or supplementary." More importantly, all of these definitions make clear that the definition of "ancillary" necessarily relates to something, i.e., an object, thereby making the word incapable of meaning something "other" as contemplated in the Settlement Agreement.

(Def. Mem. at 9.)

Defendants' argument is without merit. Their emphasis on the Court's use of the word's "ancillary" when describing its jurisdiction to enforce the judgment and Settlement Agreement does not make the parties' dispute something other than a proceeding. Black's Law Dictionary includes the following definitions of the word "proceeding":

> **1.** The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment. **2.** Any procedural means for seeking redress from a tribunal or agency. **3.** An act or step that is part of a larger action. **4.** The business conducted by a court or other official body; a hearing.

Black's Law Dictionary at 1398 (10th ed. 2014). A proceeding includes "'all ancillary or provisional steps'" that are "'done by the authority or direction of the court,'" including "'the

enforcement of the judgment . . . .'" Id. (quoting Edwin E. Bryant, The Law of Pleading Under the Codes of Civil Procedure, 3-4 (2d ed. 1899)).

The parties could have bargained for a narrower or specialized meaning of the word "proceeding" but did not do so. Under the express language of the Settlement Agreement, which defendants acknowledge is unambiguous, the parties' post-judgment dispute constitutes a "proceeding."

### C. Darling Is Awarded Fees on Its Motion to Compel Supplemental Interrogatory Responses.

Darling's motion for attorneys' fees is granted as to its letter-motion to compel supplemental responses to questions 1, 3, 4, 5, 8 and 9 of its information subpoena. (Docket # 50.) Its application was part of a proceeding to enforce the Settlement Agreement, and because Darling received substantial relief on its motion, it is the prevailing party.

The Court has reviewed the billing invoices attached to the Declaration of Jeffrey Fleischmann and concludes that 4.3 hours of attorney time was expended on preparing the letter-motion to the Court and reviewing defendants' responses.[2] Fleischmann bills at a rate of $375 per hour, and the total fees award on the letter-motion is $1,612.50.

Darling's motion for attorneys' fees is therefore granted as to $1,612.50 in reasonable fees attributable to the letter-motion seeking to compel supplemental responses.

### D. Because Darling Was Not the Prevailing Party on Its Motion to Appoint a Receiver, Its Application Is Denied as to Fees Incurred Thereto.

As noted, "[t]o be considered a 'prevailing party,' one must simply prevail on the central claims advanced, and receive substantial relief in consequence thereof." Sykes, 39 A.D.3d at 279.

---

[2] This work is reflected in the billing entries of July 27 and 31, 2017; August 2 and 4, 2017; and September 5 and 14, 2017. (Fleischmann Dec. Ex. A.)

Darling urges that it is the prevailing party because its motion to appoint a receiver was brought in order to ensure that defendants paid the Judgment, and the proceedings concluded with the Judgment's satisfaction. (Reply Mem. at 2-4.) It is undisputed that defendants ultimately satisfied the Judgment, but the record does not support Darling's assertion that this was because of the possible appointment of a receiver. Ciavarella testified that Newgioco filed its application to list its shares on a public exchange in June 2017, long before the motion to appoint a receiver. At the hearing of January 3, Ciavarella described a plan to secure financing to satisfy the judgment. Had the Court granted Darling's motion, it is more likely than not that the funding committed toward the Judgment would have been withdrawn and that satisfaction of Judgment would have been frustrated. Darling cannot reasonably claim to have prevailed on a motion that the Court denied on that basis.

Further, the relief sought on the motion was specifically directed to the appointment of a receiver, and not satisfaction of the Judgment by other means. (1/30 Tr. 15.) Darling cannot reasonably urge that it is the "prevailing party" when the only relief sought on its motion was denied.

To the extent that Darling seeks reimbursement for fees and expenses incurred in connection with its motion to appoint a receiver, the motion is denied.

E. Darling's Motion Is Denied as to All Other Fees and Expenses.

Darling also seeks fees and expenses for work performed by attorneys in Los Angeles, Canada and Italy. The supporting attorney declarations do not describe work performed in connection with a proceeding in which Darling was the prevailing party. Each states that the attorneys' fees were "expended in connection with Darling's efforts to collect on the judgment entered by the Court . . . ." (Corrigan Dec. ¶ 1; Fenig Dec. ¶ 1; Ponzanelli Dec. ¶

1.) A member of Darling similarly states that these attorneys were retained "to enforce the Judgment." (Levin Dec. ¶ 2.)

As discussed, the attorneys' fees provision expressly provides for fees only to the prevailing party in a proceeding to enforce the Settlement Agreement. It does not grant fees more broadly toward any attorney work performed in connection with enforcement of the Judgment. Darling's motion is therefore denied as to these fees.

CONCLUSION.

Darling's motion for attorneys' fees is GRANTED as to attorneys' fees incurred in connection with its letter-motion of August 2, 2017 but denied in all other respects. Reasonable attorneys' fees are awarded in the amount of $1,612.50. The Clerk is directed to terminate the motion. (Docket # 117.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
November 9, 2018